# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

In Re:

**CHRISTOPHER T. MATSUURA and ERIN MATSUURA,**

**Debtors.**

**Bankruptcy Case No. 13-40226-JDP**

_____

# MEMORANDUM OF DECISION
_____

**Appearances:**

Jay A. Kohler, Idaho Falls, ID, Attorney for Debtors.

R. Sam Hopkins, pro se, Pocatello, ID, Chapter 7 Trustee.

## *Introduction*

The chapter 7[1] trustee, R. Sam Hopkins ("Trustee") objects to the

claim of exemption by debtors Christopher T. Matsuura and Erin Matsuura

_____

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037, and all Civil Rule references are to the Federal Rules of Civil Procedure 1 – 86.

MEMORANDUM OF DECISION – 1

("Debtors") pursuant to Idaho Code § 11-603(4) in a portion of certain tax

refunds.  Dkt. No. 30.  Trustee contends that because any potentially

exempt portion of the tax refunds was commingled by Debtors in a bank

account with other, non-exempt funds, Debtors are not entitled to an

exemption.  *Id*.  Debtors responded to Trustee's objection.  Dkt. No. 31.

The Court conducted a hearing concerning the matter on November 12,

2013.  Based upon the record, and after duly considering Trustee's

objection, Debtors' response, along with their Pre-Hearing Memorandum,

Dkt. No. 43, the oral arguments of counsel, and the applicable law, this

Memorandum disposes of Trustee's objection.  Fed. R. Bankr. P. 7052; 9014.

## *Facts*[2]

In February 2013, Debtors filed their 2012 federal and state tax

returns.  According to the federal return, Debtors were entitled to receive

an Earned Income Credit ("EIC") of $3,990, and a Child Tax Credit

("CTC") of $4,252, for a total refund of $8,242.  They were to receive a state

---

[2]  At the hearing, the parties stipulated that the relevant facts were as
stated in Trustee's Objection, Debtors' Response and Debtors' Pre-Hearing
Memorandum.

MEMORANDUM OF DECISION – 2

tax refund of $620.

Anticipating receipt of the tax refunds, and needing to file a

bankruptcy case,[3] Debtors desired to segregate the refunds from their

other funds.  They therefore opened a new checking account with ISU

Credit Union[4] ("Credit Union") with the required minimum deposit of $1.

When they received their refund checks, on February 22, 2013, they

deposited the state tax refund of $620, and the federal tax refund of $8,242,

into the Credit Union account.

On February 25, 2013, Debtors withdrew $3,000 in cash from the

Credit Union account, the maximum allowed by the Credit Union in one

day.  They withdrew another $1,872 the following day.  By so doing,

Debtors intended to withdraw, and to spend, both the $4,252 federal CTC,

---

[3] As Debtors candidly acknowledge in their Pre-Hearing Memorandum,
they carefully thought out their bankruptcy filing strategy.  Since mid-December,
Mr. Matsuura's wages were being garnished, and so Debtors were motivated to
file their bankruptcy case as soon as possible.  They timed that filing to both
obtain relief from the garnishment, while still protecting their exemptions in the
EIC.  Dkt. No. 43 at ¶¶ 4-9.  Trustee has not taken issue with Debtors'
"bankruptcy planning" in connection with his objection to Debtors' exemptions,
and thus, the Court declines to comment on the propriety of Debtors' conduct.

[4] Credit Union account number ending in 079.

MEMORANDUM OF DECISION – 3

and the $620 state tax refund.  This left $3,990 in the Credit Union account,

which Debtors intended to represent the EIC.

Debtors filed a chapter 7 petition on March 7, 2013.  In their initial

bankruptcy schedules, Debtors listed the Credit Union account, but

indicated it contained only $100.  However, the Court finds that the

account actually contained $3,991.06 on that day.[5]  Moreover, Debtors

initially did not claim the EIC portion of the tax refund exempt.  They later

---

[5] While the parties attempted to stipulate to the facts, there is some
disagreement among the facts they each recited in their pleadings, chiefly with
regard to the amount on deposit in the Credit Union account on petition day.
Trustee's Objection indicates the account contained $3,616.56 on petition day.
Dkt. No. 30.  On the other hand, Debtors' Pre-Hearing Memorandum indicates
the account contained $3,991.06 on March 7, 2013.  Dkt. No. 43.  The Court
resolved this inconsistency by reviewing the daily balance information in the
Credit Union account bank statements.  Attached to Debtors' Pre-Hearing
Memorandum is a statement dated February 28, 2013, which shows a previous
balance of $1 (the minimum deposit), the tax refund deposits totaling $8,862, and
a dividend of $.06.  It also shows cash withdrawals of $3,000 and $1,872, leaving
a balance in the account on February 28, 2013 of $3,991.06.  Admitted into
evidence as Exhibit 100 at the hearing, and attached to Dkt. No. 44, is a bank
statement for the Credit Union account dated March 31, 2013.  It shows the
previous balance of $3,991.06, but lists no account activity of any kind until
March 9, 2013, which is two days *after* the bankruptcy filing.  With no evidence to
support Trustee's claim that the account contained $3,616.56 on petition day, the
Court determines that the Credit Union account contained $3,991.06 on March 7,
2013.

MEMORANDUM OF DECISION – 4

amended their schedule B to show the Credit Union account contained

$3,991.06 on petition day, and their schedule C to claim $3,990 of those

funds exempt pursuant to Idaho Code § 11-603(4).  Dkt. No. 28.  It is to that

exemption claim that Trustee has objected.  Dkt. No. 30.

*Analysis and Disposition*

A.  Exemptions, Generally

Upon commencement of a bankruptcy case, all property in which

the debtor has a legal or equitable interest becomes property of the

bankruptcy estate, available for liquidation and distribution to creditors.

§ 541(a).  However, § 522(b)(1) allows individual debtors to exempt certain

property from the bankruptcy estate, thereby shielding it from

administration by a chapter 7 trustee.  Because Idaho has "opted out" of

the Code's exemption scheme, debtors in this state may claim only those

exemptions allowable under Idaho law, as well as those listed in

§ 522(b)(3).  Idaho Code § 11-609; § 522(b)(3).

A debtor's entitlement to exemptions is determined as of the petition

date.  *Culver, L.L.C. v. Chiu (In re Chiu)*, 226 B.R. 743, 751 (9th Cir. BAP

MEMORANDUM OF DECISION – 5

2001); *In re Carlson*, 09.4 IBCR 131, 132 (Bankr. D. Idaho 2009).  In Idaho,

exemption statutes are liberally construed in favor of the debtor.  *In re*

*Wiley*, 352 B.R. 716, 718 (Bankr. D. Idaho 2006); *In re Kline*, 350 B.R. 497, 502

(Bankr. D. Idaho 2005) (citing *In re Steinmetz*, 261 B.R. 32, 33 (Bankr. D.

Idaho 2001)).  Finally, as the objecting party, Trustee bears the burden of

proving Debtor's claim of exemption is not proper.  Rule 4003(c); *Carter v.*

*Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999);  *In re*

*Katseanes*, 07.4 IBCR 79, 79 (Bankr. D. Idaho 2007).

B.  EIC and CTC Exemptions

Idaho Code § 11-603(4) provides that "[a]n individual is entitled to

exemption of the following property . . . (4) [b]enefits the individual is

entitled to receive under federal, state, or local public assistance

legislation[.]"  This Court has previously decided whether EIC and CTC

amounts refunded may be exempted under this statute for bankruptcy

purposes.  In *In re Jones*, 107 B.R. 751, 752 (Bankr. D. Idaho 1989), the Court

held that the EIC, "due to its nature as social welfare relief is exempt

property pursuant to Idaho Code § 11-603(4)."  In contrast, the Court

MEMORANDUM OF DECISION – 6

decided that the CTC "was not adopted with a legislative purpose of public assistance within the contemplation or reach of [Idaho Code] § 11-603(4)," and is therefore not exempt in bankruptcy proceedings. *In re Dever*, 250 B.R. 701, 706 (Bankr. D. Idaho 2000). And, of course, state tax refunds are not exempt. *In re Virgin*, 04.2 IBCR 64, 65-66 (Bankr. D. Idaho 2004).

The Court presumes these holdings provided the basis for Debtors' decision to spend the CTC portion of their federal refund, as well as the state refund, prior to filing for bankruptcy relief, while preserving and claiming the EIC portion of the federal refund exempt.[6]

C.  Application of Law to Facts

Debtors contend that the funds remaining in the Credit Union account when they filed their bankruptcy petition represent the EIC portion of the federal tax refund, and are therefore exempt under Idaho Code § 11-603(4). As discussed *In re Dever*, if the funds indeed represent

---

[6] Though not discussed in their submissions, the Court also presumes that Debtors' decisions were guided by the advice of their bankruptcy counsel.

MEMORANDUM OF DECISION – 7

the EIC, they would be exempt.

Objecting to Debtors' claim of exemption, Trustee argues that it is impossible on this record to determine whether the funds are EIC, or non-exempt CTC funds. Because they can not be definitely identified, Trustee urges that Debtors' claim of exemption be disallowed.

In *Hooper v. State of Idaho*, 908 P.2d 1252 (Idaho Ct. App. 1996), the Idaho Court of Appeals considered whether funds in an inmate's prison account were exempt pursuant to Idaho Code § 11-207, which protects a portion of a debtor's wages from the reach of creditors. Both wages paid to the inmate by the Idaho Department of Corrections, as well as funds from an outside source, had been deposited in the debtor's prison account. As a result, the debtor's potentially exempt wages had been commingled in the prison account with nonexempt funds. No attempt to trace the funds representing wages was made by the debtor. In holding that none of the funds in the account were exempt, the court observed that "[t]here is authority that statutorily exempt wages do not lose their exempt status when deposited in a personal checking account, as long as the proceeds of

MEMORANDUM OF DECISION – 8

the account are traceable to those wages." *Id.* at 1258 (quoting 31

AM.JUR.2d, *Exemptions*, § 45 (1989) (footnotes omitted)).  However, the

court noted a limitation on this rule:  "If it is impossible to separate out

exempt funds from nonexempt funds, the general rule is that an exemption

cannot lie." *Id.* at 1258 (quoting 31 AM.JUR.2d, *Exemptions*, § 224) (footnotes

omitted).

In its analysis in *Hooper*, the Idaho Court of Appeals noted that a

different exemption statute, Idaho Code § 11-604(1), which protects certain

kinds of payments made to a debtor on account of disability, illness, as

support, and as compensation for bodily injuries, lose their exempt status if

commingled with other, nonexempt funds.  Specifically, the court observed

that the Idaho Legislature, in Idaho Code § 11-604(3), had declared that

"exemptions allowed by [§ 11-604(1)] shall be lost immediately upon the

commingling of any of the funds or amounts described in this section with

any other funds."  However, because the exemption statute in play in

*Hooper* contained no specific prohibition on commingling, the court held

that general tracing rules were applicable.

MEMORANDUM OF DECISION – 9

The statute which exempts public assistance monies, Idaho Code

§ 11-603, at issue here, also contains no express restriction on commingling.

Nevertheless, this Court has held that whether exempt and nonexempt

funds have been commingled is a relevant consideration to determining

exempt status, and a debtor's inability to trace the exempt funds may

defeat a his or her claim of exemption even when the enabling statute does

not so specifically provide.  *See, e.g., In re Santillanes*, 05.4 IBCR 92 (Bankr.

D. Idaho 2005) (funds deposited in a credit union account to secure vehicle

loans were exempt as wages because they were traceable and because there

was no evidence that the funds had been commingled with funds from

other sources); *In re Virgin*, 04.2 IBCR 64 (Bankr. D. Idaho 2004) (denying a

claim that tax refund monies were exempt as wages, holding that during

the time debtors' withheld tax money was in the hands of the federal and

state governments, "it was presumably commingled with other

government funds.  In other words, the debtors lack the ability to trace the

source of funds" and thus they were not exempt as wages); *In re Colling*,

03.1 IBCR 58 (Bankr. D. Idaho 2003) (funds deposited in a bank account

MEMORANDUM OF DECISION – 10

were exempt where trustee did not dispute that all the funds in the

account were indeed wages).

In this case, Debtors' federal tax refund was comprised of two

distinct components:  the EIC and the CTC.  The EIC was exempt; the CTC

was not exempt.  The state tax refund was wholly nonexempt.  All of these

funds were deposited by Debtors in the same Credit Union account (along

with the nonexempt $1 deposited to open the account).  Debtors contend

that commingling the funds in this single account did not impair their

ability to exempt some, but not all, of the funds.  Indeed, they correctly

note that the EIC and CTC monies were already commingled when they

received them, and they were deposited in a single transaction into the

Credit Union account.  Trustee, on the other hand, argues that, regardless

of whether the funds could be traced when they were deposited, once

Debtors began to spend money from the account, tracing the source of the

funds spent was impossible, and the exemption was lost.  In other words,

in Trustee's view, because it was impossible to determine whether Debtors

spent EIC, CTC or state tax refund money, Debtors can not trace the source

MEMORANDUM OF DECISION – 11

of the funds remaining in the account on bankruptcy day.

To be precise, Trustee does not argue the commingling of the funds

doomed Debtors' exemption claim.  Indeed, the Court presumes that when

the Idaho Legislature determines that commingling of exempt and

nonexempt funds is not to be tolerated at all, it knows how to say so, as

evidenced by Idaho Code § 11-604(3).  As noted above, there is no express

statutory prohibition on commingling in Idaho Code § 11-603.  Because of

this, the fact that Debtors received the federal tax refund in one deposit,

and that the federal and state tax refunds were deposited in a single bank

account, does not alone defeat Debtors' exemption claim.  Instead, as the

court in *Hooper*, and this Court in its own decisions has instructed, the

Court must consider whether the EIC funds are "reasonably traceable."

Under these facts, the Court finds that they are.

As noted above, Debtors opened the Credit Union account with the

$1 minimum deposit.  The tax refunds were deposited into the account on

February 22, 2013.  Debtors withdrew $3,000 on February 25, 2013, the

maximum amount the Credit Union would allow them to withdraw in one

MEMORANDUM OF DECISION – 12

day.  The following day they withdrew $1,872.  This left exactly $3,990 in

the account, excluding the $1 initial deposit.  It was no coincidence that the

amount Debtors left in the Credit Union account was equal to the EIC

portion of the tax refund.  It is undisputed that through this process,

Debtors intended to spend the non-exempt refunds, and to preserve the

EIC to exempt in their bankruptcy case.

The case law does not require "absolute" tracing.  Here, the Court

finds the source of the funds in the account may be "reasonably traced" as

to the non-exempt and exempt portions.  While there may have been other,

more transparent methods to accomplish Debtors' goal of spending only

the non-exempt portion of the tax refund, while keeping the remaining

funds exempt in the impending bankruptcy case, the Court concludes that

the evidence here is sufficiently clear to withstand the Trustee's challenge.

### Conclusion

The Court finds the funds remaining in the Credit Union account on

the date Debtors filed their bankruptcy petition are reasonably traceable to

the EIC portion of Debtors' federal tax refund.  Trustee's objection to

MEMORANDUM OF DECISION – 13

Debtors' claim of exemption will be denied in a separate order.

Dated:  December 16, 2013

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 14